**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4442**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTIAN ALEXANDER GAUSE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:16-cr-00723-RBH-1)

Submitted: January 30, 2018                                    Decided: February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Alexander Gause pled guilty, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to possession with intent to distribute heroin, marijuana, cocaine, cocaine base, and Alprazolam. The district court imposed a sentence of 100 months' imprisonment, the sentence agreed to by the parties in the plea agreement. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court properly conducted the Fed. R. Crim. P. 11 hearing and whether Gause's sentence was reasonable. The Government has declined to file a brief, and Gause has not filed a pro se supplemental brief. We affirm in part and dismiss in part.

Rule 11 requires that the district court, prior to accepting a guilty plea, conduct a plea colloquy in which it informs the defendant of the charges to which he is pleading and determines that he comprehends the nature of those charges, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court must also ensure that the defendant's plea is voluntary and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3). Because Gause did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. *United States v. Martinez*, 277 F.3d 517, 526 (4th Cir. 2002). Upon review of the transcript of the plea hearing, we conclude that the district court complied with Rule 11's requirements. We therefore affirm Gause's conviction.

2

When the parties have stipulated to a particular sentence under Rule 11(c)(1)(C) and the district court imposes that sentence, the defendant may appeal only if the court imposed that sentence "in violation of the law" or "as a result of an incorrect application of the sentencing guidelines." *United States v. Williams*, 811 F.3d 621, 623-25 (4th Cir. 2016). Because the sentence imposed by the district court neither violated the law nor resulted from an incorrect application of the Guidelines, Gause's Rule 11(c)(1)(C) stipulation precludes this court from considering his claims regarding his sentence. We therefore dismiss Gause's appeal of his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore dismiss Gause's challenge to his sentence of imprisonment and affirm the remainder of the district court's judgment. This court requires that counsel inform Gause, in writing, of the right to petition the Supreme Court of the United States for further review. If Gause requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gause. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*